EAST TENN., VA. & GA. RAILWAY CO. *v.* GREEN.

* The circumstances attending the infliction of the injuries sued for, as detailed by the plaintiff's testimony, showing that no negligent act of the defendant's servants was the cause of these injuries, the verdict was contrary to law, and a new trial should have been granted upon that ground.

April 8, 1895. Brought forward from the last term. Code, §4271(a-c).

Action for damages. Before Judge MILNER. Whitfield superior court. April term, 1894.

McCUTCHEN & SHUMATE, for plaintiff in error.
R. J. & J. McCAMY and O. N. STARR, *contra.*

ATKINSON, Justice.

It appears from the evidence in this case, that the plaintiff was a passenger upon one of the defendant's trains; that she had in her possession as part of her personal belongings two or three small bundles; and that when she entered the train, finding that the receptacles fastened to the side of the car above the seats, for holding packages and bundles of passengers, were beyond her reach, she stood upon a seat and placed her bundles in the receptacle herself. No servant of the company saw her do this, nor did she ask any assistance in so doing. When she reached a point on her journey where it was necessary to change cars, she arose, stood upon the seat and attempted to take down her bundles, and while in this position, the cars suddenly moved, and she was thrown from the seat on which she was standing to the floor and injured. It appears that the train safely reached its destination, stopped at the usual place for

passengers leaving the cars, remained there long enough for all of the passengers to alight, saving this plaintiff, and then moved down a few steps, where it stopped again. It does not appear that in the movement of the train there was any unusual jerk. It does not appear that this plaintiff called the attention of any servant of the defendant to the situation of her bundles, or requested any assistance from them in her efforts to remove them from the place where she had deposited them. The servants of the company were outside the car, assisting the passengers who were alighting. None of them saw her attempt to get upon the seat. In consequence of her fall she was injured, and brought this action. We do not think the facts make a case which authorizes a recovery. Railroad companies in the transportation of passengers are bound to extraordinary care. They are not bound to take the greatest possible degree of care in the discharge of duties toward passengers, but the extraordinary care required of them is defined by the code to be "that extreme care and caution which very prudent and thoughtful persons use" in and about similar matters. It is true the presumption of negligence arises when the fact of injury is shown, but in the very circumstances out of which the presumption arises it may likewise be rebutted. This plaintiff was in a perfectly safe situation. The company had provided her with a means of transportation which afforded every possible immunity against injury as long as she enjoyed it in the manner usual to passengers and in the manner designed by the company. The seats were made for the accommodation of passengers sitting upon them. It was not designed that they should be employed as footstools. The company had the right reasonably to expect that the passenger would not so use these contrivances, designed for his comfort and convenience, as to expose himself to danger; and in moving its cars it

v 95-47

had the right to presume that the passenger would not employ the seats, designed for his convenience, and as well for the security of the company, in such a way as to expose himself to hazard and the company to loss. Its agents could not anticipate that at the time when this passenger was supposed either to have left the car or to have been seated within it, she would be standing in a dangerous position upon one of the seats in the car. We do not think that this injury, therefore, can be attributed to any act of negligence on the part of the company. The evidence points out no duty imposed by law or contract the performance of which was omitted by the agents of the company, and it points out no act of negligence committed by them. This occurs to us to have been one of that class of injuries against the infliction of which no reasonable degree of human foresight could have made provision, and so far as the company was concerned, it may be stated as resulting from pure accident. If not an accident, it is saved from that classification only by reason of the negligence of the passenger in exposing herself unnecessarily in a hazardous position to dangers against which the exercise of ordinary care and prudence upon her part would have afforded perfect immunity.

Let the judgment of the court below be   *Reversed*.